# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

TIMOTHY L. SNYDER,

                 Petitioner,    :                 Case No. 2:11-cv-800

     - vs -                               District Judge Algenon L. Marbley
                                           Magistrate Judge Michael R. Merz

Warden, Marion Correctional
  Instutition,

                 Respondent.    :

# REPORT AND RECOMMENDATIONS

       This habeas corpus case was brought by Petitioner Timothy L. Snyder to obtain relief from his conviction in the Licking County Common Pleas Court and the consequent twelve-year sentence he is serving in Respondent's custody.  Snyder avers that he was convicted of four counts of theft in amounts greater than $25,000 but less than $100,000 with elderly specifications and one count of misuse of a credit card (Petition, Doc. No. 1, PageID 1, ¶ 5).[1]

       On Judge Deavers' Order (Doc. No. 7), the Respondent has filed a Return of Writ (Doc. No. 12).  On her further Order (Doc. No. 15), Petitioner filed a Traverse (Doc. No. 16), making the case ripe for decision.  In order to balance the judicial workload in the District, the reference was recently transferred to the undersigned (Doc. No. 17).

       Snyder pleads the following Grounds for Relief:

               **Ground One:**  Insufficient Evidence for Theft Conviction – James
               Bauer

---

[1] Contrary to Rule 2(c)(5) of the Rules Governing § 2254 Cases, the Petition is not signed under penalty of perjury by Snyder, who is represented by counsel in these proceedings.

**Ground Two:** Insufficient Evidence for Theft Conviction – Mildred Stahl

**Ground Three:** Insufficient Evidence for Theft Conviction – Stephen McClellan

**Ground Four:** Prosecutorial Misconduct

**Ground Five:** Ineffective Assistance of Trial Counsel

**Ground Six:** Denial of the Right to Present a Defense.


## Procedural History


Snyder was indicted by the Licking County Grand Jury in three separate cases which were consolidated for trial. He was convicted by a jury on all counts and sentenced to one year each in 2006 CR 553 and 2007 CR 363 and ten years in 2006 CR 494, all to be served consecutively. The judgment was affirmed on direct appeal by the Fifth District Court of Appeals, *State v. Snyder*, 2008 Ohio 6709, 2008 Ohio App. LEXIS 5623 (Ohio App. 5th Dist. Dec. 18, 2008)("*Snyder I*"). The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *State v. Snyder,* 121 Ohio St. 3d 1501 (2009).

Snyder filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which he amended twice. The trial court denied relief and the court of appeals affirmed, *State v. Snyder*, 2010 Ohio 1643, 2010 Ohio App. LEXIS 1363 (Ohio App. 5th Dist. Apr. 13, 2010). The Ohio Supreme Court again declined jurisdiction. *State v. Snyder*, 2010 Ohio 3855, 126 Ohio St. 3d 1546 (2010). Snyder's subsequent application to reopen the direct appeal under Ohio R. App. P. 26(B) was rejected, *State v. Snyder*, 2009 Ohio 2473, 2009 Ohio App. LEXIS 2096 (Ohio App. 5th Dist. Apr. 22, 2009), and the Ohio Supreme Court again declined jurisdiction, *State v.*

*Snyder*, 122 Ohio St. 3d 1506 (2009).  Snyder's delayed motion for a new trial was also rejected by the Common Pleas Court, the court of appeals, and the Ohio Supreme Court.  *State v. Snyder*, 2010 Ohio 3588, 2010 Ohio App. LEXIS 3056 (Ohio App. 5th Dist. July 16, 2010); *State v. Snyder*, 127 Ohio St. 3d 1461 (2010).  The instant Petition timely followed.

## Analysis

### Ground One:  Insufficient Evidence as to Victim James Bauer

In his First Ground for Relief, Snyder asserts there was insufficient evidence to convict him on the charges of theft by deception from an elderly person in excess of $25,000 and misuse of a credit card of an elderly person in an amount exceeding $5,000 (Petition, Doc. No. 1, PageID 19.)

Respondent asserts this Ground for Relief is barred by Petitioner's failure to fairly present it to the Ohio courts (Answer/Return of Writ, Doc. No. 12, PageID 88 et seq.)  Petitioner replies that the claim was fairly presented (Traverse, Doc. No. 16, PageID 1632, et seq.)

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process.

*Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).  An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments made in that application, not the underlying substantive arguments.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir.  2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).  "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim.  *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

Petitioner's First Ground for Relief is an insufficient evidence claim. Respondent asserts the claim is barred because Petitioner presented only a manifest weight claim and not an insufficiency of the evidence claim to the Ohio courts.  On direct appeal to the Ohio Court of

Appeals for Licking County, Snyder's first assignment of error was "[t]he jury erroneously concluded that Appellant Timothy L. Snyder (Snyrder) was guilty of the offenses charged." *Snyder 1*, ¶ 14. That court expressly found that "Appellant does not argue that the evidence was insufficient to sustain his conviction. See, e.g. *State v. Thompkins* (1997), 78 Ohio St. 3d 380, 1997 Ohio 52, 678 N.E. 2d 541." *Id.* at note 1.

This reading by the court of appeals is consistent with the way Snyder argued the assignment of error in his Brief on Appeal (Doc. No. 12-1, PageID 199 et seq.). At the outset of his argument, he set forth what he understood to be the distinction between review for sufficiency of the evidence and review for manifest weight of the evidence. *Id.* at PageID 205-206, *citing Thompkins, supra*, for the distinction. Then he proceeded to argue the Assignment of Error under the heading "The **weight** of the evidence does not produce a belief of guilt." *Id.*(emphasis added) As the argument progressed, he asserted the State had failed on the element of intent to steal. *Id.* at PageID 208. He concluded his argument "[g]iven the holes in the evidence presented, the verdict must be set aside for lack of **weight**." *Id.* at PageID 210 (emphasis added).

In attempting to show that the claim was "fairly presented" to the court of appeals, Snyder now states:

> By requiring that the habeas petitioner provide the state courts with both the same legal theory and the same factual predicate underlying the constitutional argument, the federal court ensures that the same method of legal analysis that is used by the federal court in resolving the petitioner's claim was also readily available to the state court when it adjudicated the claim. *Zicarelli v. Gray,* 543 F.2d 466, 472 (3d Cir. 1976) (en banc) [citations omitted].
>
> The ability to make this argument in federal court demonstrates that the same "method of analysis" considered by the state court is the same analysis the Petitioner is making the identical claim in federal court that he had made in the Ohio courts. Thus the state

> judicial system has been given a fair opportunity required to
> constitute exhaustion of state remedies. *See Ross v. Petsock,* 868
> F.2d 639, 641 (3d Cir. 1989).

(Traverse, Doc. No. 16, PageID 1633-1634.) With respect, this statement is pure *ipse dixit*. As

the court of appeals recognized by citing *State v. Thompkins*, the legal theory underlying a

manifest weight of the evidence claim is different from that underlying a sufficiency of the

evidence claim. In *Thompkins,* the Ohio Supreme Court reaffirmed the important distinction

between appellate review for insufficiency of the evidence and review on the claim that the

conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.
> Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence
> constitutes a denial of due process. *Tibbs v. Florida* (1982), 457
> U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663,
> *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61
> L.Ed.2d 560. Although a court of appeals may determine that a
> judgment of a trial court is sustained by sufficient evidence, that
> court may nevertheless conclude that the judgment is against the
> weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55
> O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence
> concerns "the inclination of the greater amount of credible
> evidence, offered in a trial, to support one side of the issue rather
> than the other. It indicates clearly to the jury that the party having
> the burden of proof will be entitled to their verdict, if, on weighing
> the evidence in their minds, they shall find the greater amount of
> credible evidence sustains the issue which is to be established
> before them. Weight is not a question of mathematics, but depends
> on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the
> basis that the verdict is against the weight of the evidence, the
> appellate court sits as a " 'thirteenth juror' " and disagrees with the
> factfinder's resolution of the conflicting testimony. *Tibbs*, 457
> U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v.
> Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485
> N.E.2d 717, 720-721 ("The court, reviewing the entire record,
> weighs the evidence and all reasonable inferences, considers the

> credibility of witnesses and determines whether in resolving
> conflicts in the evidence, the jury clearly lost its way and created
> such a manifest miscarriage of justice that the conviction must be
> reversed and a new trial ordered.  The discretionary power to grant
> a new trial should be exercised only in the exceptional case in
> which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited

approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest

weight of the evidence claim:

> In considering the claim that the conviction was against the
> manifest weight of the evidence, the test is much broader.  The
> court, reviewing the entire record, weighs the evidence and all
> reasonable inferences, considers the credibility of the witnesses
> and determines whether in resolving conflicts in the evidence, the
> jury clearly lost its way and created such a manifest miscarriage of
> justice that the conviction must be reversed and a new trial
> ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus.  The consequences of the distinction are

important for a criminal defendant.  The State may retry a case reversed on the manifest weight

of the evidence;  retrial of a conviction reversed for insufficiency of the evidence is barred by the

Double Jeopardy Clause.  *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

Petitioner's discussion of the exhaustion doctrine in his Traverse (Doc. No. 16, PageID

1634-1635) is besides the point; it is not lack of exhaustion of state court remedies which

Respondent has raised, but procedural default.  If the difficulty were lack of exhaustion, this

Court could stay the proceedings while Petitioner completed exhaustion.  *Swanson v. DeSantis,*

606 F.3d 829 (6th Cir. 2010), *citing Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009).

Procedural default, however, is a complete defense and requires dismissal on the merits.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir.

2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk*, __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

There is an applicable state procedural rule involved here.  Under Ohio law, a criminal defendant is only entitled to one direct appeal and issues which could have been raised on that appeal but were not are barred from later consideration by *res judicata*.  *State v. Perry,* 10 Ohio St. 2d 175 (1967).  While the Ohio courts have not yet enforced the *Perry* doctrine as to an insufficient evidence claim by Snyder, there is no doubt they would do so if Snyder attempted to present this issue to them now.  The Ohio courts have consistently enforced the rule.    *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).  Moreover, the Sixth Circuit has held the *res judicata* rule is an adequate and independent state ground of decision.

8

*Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

As held in *Maupin*, a habeas petitioner can excuse a procedural default if he can satisfy the so-called actual innocence gateway recognized by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  As an alternative to his claim that he satisfied the fair presentation requirement, Snyder raises a claim of actual innocence (Traverse, Doc. No. 16, PageID 1635-1640).

The Sixth Circuit has summarized the *Schlup* gateway exception as follows:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Petitioner cites *Bousley, supra*, for the same proposition for which Judge Moore cited it

in Souter, to wit, that "actual innocence means factual innocence," (Traverse, Doc. No. 16, PageID 1638), but then, inexplicably, entitles the next section of the Traverse to read "Actual Innocence is not factual innocence, but legal innocence." *Id.* The standard which Petitioner must meet is a demonstration of factual innocence of the crime charged in the case, not of all crimes which might have been charged.

As best the Court understands it, Snyder's claim of excusing actual innocence is that he did not take more than $25,000 from James Bauer. However, he makes this claim by interspersing arguments about what the evidence was at trial with claims about new evidence. First he admits that the State proved Snyder got $36, 583.83 from Bauer (Traverse, Doc. No. 16, PageID 1642, 1643). Then he claims "[n]o evidence was presented as to the value of the work completed by Snyder." That is a description of the evidence actually presented at trial, rather than a description of new evidence to satisfy the *Schlup* "actual innocence gateway"; even now, Snyder presents no new evidence on the value of the work he completed for Bauer.

As a matter of new evidence, Snyder adverts to "[a] receipt provided by Petitioner in post-conviction [that] established that $3, 950 was spent on a new roof, thereby bringing the total amount 'taken' down to only $31, 633.83. (Petitioner's Exhibit AI – PageID 513" (Traverse, Doc. No. 16, PageID 1643). What appears at that page in the attachments to the Return of Writ is a contract dated October 3, 2006, between Southern Builders and James Bauer for installation of a roof with a notation "Paid in Full" with the date 10-18-06. These are attached to an Affidavit of James Bauer dated June 14, 2008 (PageID 505). This case was tried before Judge Spahr beginning on Tuesday, January 29, 2008 (Trial Tr., Doc. No. 12-15, PageID 1018 et seq.) Thus the relevant receipt pre-existed the trial and is in no sense "new" evidence.

Next Snyder focuses on trial testimony showing Bauer had been paid back $3,748 by

Snyder as of the time of trial (Traverse, Doc. No. 16, PageID 1643-1644).  This also is not new evidence:  it was before the jury which returned the verdicts.

Finally, Snyder argues that "Mr. Bauer did not testify to any specific amounts of money taken" (Traverse, Doc. No. 16, PageID 1644).  This, again, is an argument on the merits of the insufficient evidence claim, not a submission of new evidence necessary to satisfy the *Schlup* actual innocence gateway.

In sum, Snyder has not presented new evidence of actual innocence.  Even if his one "new" item of $3,950 were accepted a satisfying the requirements of *Schlup*, it would not reduce the amount he took from Bauer below $25,000.

As to Count III for misuse of a credit card, Snyder presents no new evidence at all.

Because Snyder has not provided new evidence of actual innocence of the theft from Mr. Bauer, he must suffer the consequences of his procedural default of his First Ground for Relief, which should be dismissed with prejudice.

Even if the District Judge should decide that Snyder has presented enough evidence to satisfy the *Schlup* gateway requirements, this Court must defer to the state court findings.  When a state court determines that a verdict is not against the manifest weight of the evidence, *a fortiori* it has decided that there is sufficient evidence for conviction.  *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.).  When a sufficiency of the evidence argument is made, two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in

> all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

Given the required level of deference, this Court cannot say that the state court decision is an objectively unreasonable application of *Jackson v. Virginia*.  Snyder admits the State proved the total amount of money transferred to him from Bauer.  He complains that the State did not prove the value of the work he performed for Bauer or that the transfers were not "loans."  It was, however, for the jury to decide whether Snyder performed work worth what he took or whether the transfers were "loans" which he intended to pay back.

**Ground Two:  Insufficient Evidence as to Victim Mildred Stahl**

In his Second Ground for Relief, Snyder claims there was insufficient evidence to convict him of theft of more than $25,000 but less than $100,000 from Mildred Stahl.

Respondent asserts the same procedural default as with the First Ground for Relief: failure to present this claim as an insufficiency of the evidence claim to the Ohio courts. Snyder's claim on direct appeal as to Ms. Stahl was part of his First Assignment of Error, along with his claim as to James Bauer.  For the reasons given above as to the First Ground for Relief, this claim is procedurally defaulted.

Snyder does not attempt to excuse his procedural default by showing actual innocence on this Ground for Relief.  Instead, he merely argues the merits of the claim (Traverse, Doc. No. 16, PageID 1646-1651).  Snyder admits that the State proved the amount he took from her which had not yet been repaid was either $47,340.37 or $50, 498.65 (Traverse, Doc. No. 16, PageID 1650). Testimony offered by the defense at trial purported to refute those amounts, but whether the jury believed that testimony was for the jury to decide.  In any event, this Court cannot reach the merits of the Second Ground for Relief because of Snyder's procedural default in presenting it to the state courts.  Ground Two should be dismissed with prejudice.


**Ground Three:  Insufficient Evidence as to Victim Stephen McClelland**


In his Third Ground for Relief, Snyder claims there was insufficient evidence to convict him of theft of more than $25,000 but less than $100,000 from Stephen McClelland.  As with Grounds One and Two, the State asserts this claim is procedurally defaulted for failure to fairly present it to the Ohio courts.  This claim was included within Snyder's First Assignment of Error

on direct appeal.  The Magistrate Judge concludes it is procedurally defaulted on the same basis as the first two Grounds for Relief. As with Ground Two, Snyder makes no attempt to show actual innocence by new evidence so as to excuse the default.  Instead, he merely argues the merits of the claim (Traverse, Doc. No. 16, PageID 1653-1654).  But because the claim is procedurally defaulted, this Court cannot reach the merits.

Ground Three for Relief should be dismissed with prejudice.

## Ground Four::  Prosecutorial Misconduct

In his Fourth Ground for Relief, Snyder asserts the prosecutor engaged in misconduct at trial.  However, in light of the exhibits attached to the Return of Writ, Snyder concedes "this issue is moot."  (Traverse, Doc. No. 16, PageID 1655.)  Ground Four should therefore also be dismissed with prejudice.

## Ground Five:  Ineffective Assistance of Trial Counsel

In the Fifth Ground for Relief in the Petition, Snyder claimed he received ineffective assistance of trial counsel in that (1) counsel failed to interview James Bauer before trial (Petition, Doc. No. 1-1, PageID 25, ¶ 30); failed to object to improper "profiling" testimony by Davis Kessler (*Id.* at ¶ 31); and (3) failed to provide evidence that Snyder had helped Mildred Stahl sign up for Medicaid and deplete their assets so they would qualify (*Id.* at ¶ 34).[2]  In the

---

[2] In the Traverse, Snyder purportedly quotes his Fifth Ground for Relief as follows:  "Counsel's failure to press for involvement in the interview of the offending juror, to request the interview of the spectator contacted, and to press the Appellant's right to be present during the in-camera interview constitute the denial of the petitioner's right to the effective assistance of counsel."  This purported claim bears no relation whatever to the Petition or to any of the

Traverse, Snyder argues only the first of these sub-claims and the Magistrate Judge therefore deems the remaining two to be abandoned.

Snyder asserts he raised this claim in post-conviction and the Warden does not dispute this assertion.  When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The court of appeals' decision on appeal from denial of post-conviction relief on the claim of ineffective assistance of trial counsel reads:

[*P41] B. INEFFECTIVE ASSISTANCE

[*P42] In his post-conviction petition, Appellant argues various reasons that trial counsel was ineffective. The basis for his claims revolve around trial counsel's alleged failure to fully cross-examine State witnesses at trial, for failing to object to the admission of evidence, and for failing to call witnesses to testify on his behalf.

[*P43] To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L. Ed. 83.

[*P44] "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not

issues in this case.  The Court can only assume it was cut and pasted from a document in another case.  No analysis is offered of the claim as purportedly quoted in the Traverse.

defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id*. at 690.

[*P45] Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

[*P46] The trial court, in denying Appellant's petition, found that Appellant failed to meet his initial burden of providing sufficient evidentiary documentation containing sufficient operative facts to demonstrate the lack of competent counsel or that he was prejudiced by the alleged ineffectiveness of counsel. The court found that Appellant made only broad assertions that failed to demonstrate prejudice and that were inadequate to require an evidentiary hearing.

[*P47] Specifically, the court found that Appellant failed to overcome the presumption that trial counsel's decision not to call witnesses was a sound trial strategy. Appellant asserted that several witnesses would have provided favorable testimony for the defense. However, Appellant failed to provide affidavits or supporting evidence from the majority of those witnesses. He did present affidavits from Kenneth Snyder and Ruth Winters concerning investigator Angel Bowers. Those affidavits only stated that Bowers harassed Mr. Snyder and Ms. Winters about the money used to pay Appellant's bond. The court further found that Appellant failed to provide any evidence to support his contention that Mrs. Stahl was not competent to testify at trial.

[*P48] The trial court found that the affidavits submitted by Appellant failed to contradict evidence presented at trial and that Appellant failed to substantiate his claims of prosecutorial misconduct.

[*P49] Appellant has not provided any evidence to this court to show that the trial court abused its discretion in so finding.

[*P50] Moreover, as we previously stated in denying Appellant's application for reopening, "a decision regarding which defense to pursue at trial is a matter of trial strategy 'within the exclusive province of defense counsel to make after consultation with his

client.' *State v. Murphy*, 91 Ohio St. 3d 516, 524, 2001 Ohio 112, 747 N.E.2d 765. This court can only find that counsel's performance regarding matters of trial strategy is deficient if counsel's strategy was so "outside the realm of legitimate trial strategy so as 'to make ordinary counsel scoff.' " *State v. Woullard*, 158 Ohio App.3d 31, 813 N.E.2d 964, 2004 Ohio 3395, P 39, quoting *State v. Yarber* (1995), 102 Ohio App.3d 185, 188, 656 N.E.2d 1322. Further, the Ohio Supreme Court has recognized that if counsel, for strategic reasons, decides not to pursue every possible trial strategy, defendant is not denied effective assistance of counsel. *State v. Brown* (1988), 38 Ohio St.3d 305, 319, 528 N.E.2d 523. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189, citing *People v. Miller* (1972), 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089; *State v. Wiley*, 10th Dist. No. 03AP-340, 2004 Ohio 1008 at P 21." *Snyder,* supra, at P31.

   [*P51] Given that the trial court heard the initial jury trial in this matter and the evidence presented at that trial, and was in the best position to evaluate the performance of trial counsel during the trial, we do not find that the trial court abused its discretion in refusing to grant an evidentiary hearing on the basis of the claims set forth in Appellant's post-conviction petition.

*State v. Snyder,* 2010 Ohio 1643 ¶¶ 41-51, 2010 Ohio App. LEXIS 1363 (Ohio App. 5th Dist. Apr. 13, 2010).

   Upon examining this portion of the opinion, it is evident that the court of appeals understood the two-pronged analysis of ineffective assistance of trial counsel claims required by *Strickland v. Washington, supra*.   Thus the decision is not contrary to clearly established Supreme Court precedent.   The question this Court must decide is whether the state court's application of *Strickland* was objectively reasonable.

   On the first sub-claim, Snyder entire argument is:

      Counsel failed to interview state witness James Bauer prior to trial. Had he done so, he would have known that Bauer did not want to bring charges. Bauer did not believe that the Petitioner had stolen anything from him. This should have been brought to the jury's

> attention during cross-examination. (Affidavit if [sic] James Bauer,
> Postconviction Exhibit AA).
>
> The failure to do so violated counsel's duty under *Strickland v.*
> *Washington*, 466 U.S. 668, 673 (1984).

(Traverse, Doc. No. 16, PageID 1656.)  The referenced Affidavit appears at PageID 504 and was

signed by Bauer on June 14, 2008.  It confirms that Snyder's trial lawyer did not speak to Bauer

(¶ 11) and that Bauer did not want Snyder prosecuted (¶ 10).  It confirms also that he had hired

Snyder "to perform various home repairs, several of which were completed.  *Id.* ¶¶ 1, 3.  Bauer

loaned Snyder several amounts of money "which I said Tim have agreed in terems [sic] how and

when to repay, which was for time family needs." *Id.*, ¶ 2.

This Affidavit did not exist at the time of trial.  As Judge Spahr, the judge who presided

at trial, determined in denying post-conviction relief, Bauer gave contradictory statements at

different times (Judgment Entry, Doc. No. 12-2, PageID 647).   None of his post-conviction

affidavits contradicted his trial testimony.   *Id.* Some of his post-conviction descriptions of

Snyder ("fraud, liar, cheat" *Id.*) would have been decidedly unfavorable if elicited in front of a

jury.

As Judge Spahr also found, much of Bauer's reluctance to have Snyder prosecuted was

because Snyder's incarceration interfered with his promises and duty to repay Bauer.  Bauer's

Affidavit does not say, as Snyder now asserts, that Snyder had not stolen anything from Bauer.

It is a cardinal rule of cross-examination not to ask a question if you do not know what

answer the witness will give.  Bauer represents a classic example of such a witness.  The court of

appeals determination that it was not deficient performance to fail to cross-examine Bauer more

aggressively is not an objectively unreasonable application of *Strickland*. Moreover, Snyder has

failed to produce any unequivocal proof that what Bauer might have said if cross-examined more

aggressively would have been helpful, much less have had a likely impact on the outcome.

In sum, this Court should defer to the decision of the state court of appeals and dismiss the Fifth Ground for Relief with prejudice.

### Ground Six:  Denial of a Right to Present a Defense

In his Sixth Ground for Relief, Snyder asserts the trial court committed constitutional error in denying him the right to present a defense, to wit, that he was helping the Mildred Stahl apply for and receive Medicaid benefits and by denying funds to hire a handwriting expert.  In the Petition, Snyder asserted that "[t]his issue is not fully developed.  Discovery and an evidentiary hearing are necessary to establish the record denied in state court proceedings." (Petition, Doc. No. 1-1, PageID 31.)  However, in the Traverse he stated "Snyder rests on the arguments set forth in his petition."  (Traverse, Doc. No. 16, PageID 1659.)  No request for discovery or an evidentiary hearing has been made in the case.

Snyder argues this claim in the Petition as if Judge Spahr had excluded witnesses on the Medicaid paydown matter and had refused funds to hire a handwriting expert **at trial**.  However, he provides no record references to show any such denials as trial.  All of the Supreme Court law cited about the right to present a defense relates to presenting a defense at trial.

It appears from the record that the first time Snyder raised any of the Medicaid claim was in one of his petitions for post-conviction relief under Ohio Revised Code § 2953.21.  In affirming denial of post-conviction relief, the court of appeals noted that Snyder had submitted no affidavits to prove what proposed additional witness Kay Watson would have testified to had she been called at trial.  *State v. Snyder,* 2010 Ohio 1643 ¶ 47, 2010 Ohio App. LEXIS 1363

(Ohio App. 5th Dist. Apr. 13, 2010).

The handwriting expert claim was first made in Snyder's Application for Reopening his direct appeal under Ohio R. App. P. 26(B) as a claim that his appellate counsel was ineffective for failing to claim that his trial attorney was ineffective for failing to present a handwriting expert. The court of appeals held he had failed to demonstrate any deficiency in failing to raise this claim or any reasonable probability of success on the claim had it been raised. *State v. Snyder*, 2009 Ohio 2473 ¶ 34 (Ohio App. 5th Dist, 2009).

A habeas petitioner cannot preserve a claim of denial of the right to present a defense by making part of that claim for the first time on post-conviction as an ineffective assistance of trial counsel claim and part of it for the first time on application for reopening as an ineffective assistance of appellate counsel. To put it another way, a denial of funds for a handwriting expert or refusal to permit testimony from certain witnesses would be matters which could be raised on direct appeal if they had been objected to at trial. If not objected to at trial, they would be procedurally defaulted by virtue of Ohio's contemporaneous objection rule. If objected to at trial but not raised on direct appeal, they would be barred by *res judicata*. Neither could be raised for the first time in the manner Snyder attempted.

Ground Six should be dismissed with prejudice as procedurally defaulted.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

April 24, 2013.

                                                  s/ *Michael R. Merz*
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).