IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY L. SNYDER,

      Petitioner,

  v.

WARDEN, MARION
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:11-CV-800
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On April 24, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner objects to the Magistrate Judge's recommendation of dismissal of habeas corpus claims one, two, and three, in which he asserts that the evidence was constitutionally insufficient to sustain his convictions. For the reasons that follow, Petitioner's *Objection*, Doc. 19, is **OVERRULED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted, on the basis that he presented only a claim that his convictions were against the manifest weight of the evidence to the state appellate court. Petitioner contends that he has preserved his insufficiency of the evidence claims for review in these proceedings, because the state appellate court addressed this claim and because he presented this same claim in his appeal to the Ohio Supreme Court.

This Court does not agree. The state appellate court plainly did not address or discuss the allegation that the evidence was constitutionally insufficient to sustain his convictions. The lines referred to by Petitioner in support of his argument to the contrary do not indicate that an

1

insufficiency of evidence claim was addressed, but that the appellate court noted in the context of addressing his claim that his convictions were against the manifest weight of the evidence, that there was sufficient evidence to support Petitioner's convictions. Further, the Ohio Supreme Court does not ordinarily consider claims not first raised in the appellate court below, *State v. Jester*, 32 Ohio St.3d 147, 154 (1987), and Petitioner did not thereby preserve his claims for federal habeas corpus review.

Petitioner also again argues that he is actually innocent of the charges against him based on the lack of evidence establishing he stole $25,000.00, or more. He argues that evidence indicates Petitioner paid back to James Bauer certain amounts of money borrowed or taken and completed work on Bauer's roof and cabinets such that evidence reflects that the total value taken was less than $25,000.00. Likewise, as to Mildred Stahl, Petitioner contends that evidenced reflects he paid back certain amounts of money and that Stahl owed Petitioner, pursuant to their agreement, $150.00 per week for his services. In view of the foregoing, Petitioner contends that evidence reflects, at most, he owed $13,823.37 to Stahl. Finally, Petitioner argues that he is actually innocent of the charges involving McClelland in view of evidence indicating he provided work and services to McClellan and paid back certain sums of money owed to McClellan. *Objection*, PageID #1695-1702. Petitioner objects to the Magistrate Judge's rejecting of his claim of actual innocence.

Petitioner's objections are not well taken. To establish a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Lenoir v. Warden, Southern Ohio Correctional Facility*, 886 F.Supp.2d 718, 729 (S.D. Ohio 2012)(quoting *Schlup v. Delo*, 513

U.S. 298, 324 (1995)); *see also Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). None of the evidence referred to by Petitioner constitutes new reliable evidence that previously was unavailable and shows that he is actually innocent of the crimes for which he was convicted. Rather, the "evidence" he presents is evidence which was either already presented at trial, or was available to him at that time.  Moreover, as discussed by the Magistrate Judge, the state appellate court, in rejecting Petitioner's claim that his convictions are against the manifest weight of the evidence, in so doing, has implicitly concluded that the evidence, including proof of the amount of money alleged to have been taken, was constitutionally sufficient to sustain his convictions.  These findings are presumed to be correct and the decision of the state appellate court is entitled to deference in these proceedings.  28 U.S.C. § 2254(d), (e).  The record fails to reflect that this Court should disturb those findings here.  As discussed by the Magistrate Judge, it was for the jury to decide whether Petitioner performed work worth what he took or believed testimony refuting amounts taken or alleged to have been returned by Petitioner such that the State met its burden of proving the offenses charged.  In short, this Court remains unpersuaded that Petitioner has established that this is an "extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  Petitioner's *Objection,* Doc. 19, is **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

  s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge